Janet CANNIZZARO and Joseph Cannizzaro, Plaintiffs,

v.

BACHE, HALSEY STUART SHIELDS, INCORPORATED, S. D. Cohn & Co., William Cooper, Edwards & Hanly, Bruce Adam, Frank Argenzio, Raymond Aronson, Irwin Balkan, Henry A. Behrens, Jr., Martin H. Berman, Patrick Burke, Robert F. Calabrese, Henry J. Cauceglia, David Cohen, William H. Dayton, II, Bert G. Edwards, Sheldon Epstein, Gerald P. Farber, Alfred J. Fasulo, Richard Flynn, Arthur Foote, George Franke, Joseph Frazzano, Raleigh L. Gilbert, John Heck, Shelley Ivey III, Edward Kelly, James M. Kingsbury, Joseph M. Levine, Merton J. Mitchell, Thomas Murphy, Jr., Hugh O'Hare, Robert Pandolfo, Martin E. Rosenfeld, Arthur Saber, Michael Schwartz, Herbert Shander, Anthony J. Shields, James Shields, Sidney Steinberg, Ronald H. Walton, Martin S. Weinman, Irwin R. Werbowsky, Ronald B. Whiting, Theodore Willner, John Zicari, Robert E. Zoellner, Shearson, Hayden Stone, Inc., and Shields, Model Roland, Inc., Defendants.

No. 78 Civ. 1720.

United States District Court, S. D. New York.

March 6, 1979.

Lumbard & Phelan, New York City, for plaintiffs; Eliot H. Lumbard, John J. Phelan, III, New York City, of counsel.

Benedict Ginsberg, New York City, for defendants Bache, Halsey Stuart Shields, Inc. and Shields, Model Roland, Inc.; Charles E. Ramos, New York City, of counsel.

Jaffe & Asher, New York City, for defendant William Cooper; Alan P. Fraade, New York City, of counsel.

LASKER, District Judge.

In March of 1974, Janet and Joseph Cannizzaro opened an account, containing 1248 shares of Proctor & Gamble stock, with the brokerage firm of Edwards & Hanly (E & H). Their representative at E & H was William Cooper. In March of 1975, E & H signed an agreement with Shields, Model Roland, Inc. (Shields), now part of Bache, Halsey Stuart Shields, Inc. (Bache), whereby Shields agreed to act as a clearing agent for E & H, receiving and delivering securities on behalf of E & H's customers and performing certain record-keeping functions for the customers. In September of 1975, Cooper left E & H, taking the Cannizzaro account with him. He went to work for another brokerage house, S. D. Cohn & Co., for whom Shearson, Hayden Stone, Inc. performed a clearing function similar to that provided by Shields for E & H.

The Cannizzaros allege that Cooper, together with the four brokerage houses and the general partners of E & H knowingly and wilfully violated various provisions of the Securities Act of 1933, 15 U.S.C. §§ 77a–77aa, and the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a–78kk, by, inter alia, selling all of the Proctor & Gamble stock, contrary to the Cannizzaros' express instructions; "churning" the account, that is performing numerous purchases and sales merely for the purpose of generating large brokerage commissions; and otherwise making risky and speculative investments. Bache moves to dismiss the complaint and a cross-claim by Cooper against Shields under Rules 12(b)(6) and 56(b) of the Fed.R.Civ.P. for failure to state a claim and for summary judgment. The Cannizzaros also move to dismiss a counter-claim by Cooper under Rule 12(b)(1) for lack of subject matter jurisdiction and, alternatively, under Rule 12(e) for a more definite statement of the claim.

*Bache's Motion*

■ Bache argues that Shields is not liable for the wrongs alleged in the complaint because no direct relationship, contractual or otherwise, ever existed between it and the Cannizzaros. However, it is not necessary to allege privity between plaintiff and defendant to state a claim under federal securities law, *Shapiro v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 495 F.2d 228, 239 (2d Cir. 1974); *Mitchell v. Texas Gulf Sulphur Co.*, 446 F.2d 90, 101 (10th Cir. 1971). One court in this circuit has already held that a clearing agent may be liable as an aider and abettor for violations of the securities laws committed by a broker, *Faturik v. Woodmere Securities, Inc.*, 431 F.Supp. 894 (S.D.N.Y.1977), and the elements of such a claim have been stated here.

A claim of aider and abettor liability must allege the existence of an independent fraud, knowledge of that fraud and substantial assistance in the fraud, *Rolf v. Blyth, Eastman Dillon & Co., Inc.*, 570 F.2d 38, 47–48 (2d Cir. 1978), *cert. denied*, —— U.S. ——, 99 S.Ct. 642, 58 L.Ed.2d 698 (1978); *Abrahamson v. Fleschner*, 568 F.2d 862, 871–72 n. 16 (2d Cir. 1977). The Cannizzaro complaint meets these requirements. It alleges that Cooper, the primary defendant, wilfully violated the rights of the Cannizzaros, that Shields knew of the wrongdoing and assisted in it by "clearing" the orders put to it by Cooper.

Bache argues in the alternative that it is entitled to summary judgment because Shields performed merely mechanical functions for E & H (Affidavit of Frank W. Giordano, Vice-President of Shields). However, the Cannizzaros have made a threshold showing of a factual dispute concerning the extent of Shields' role in the alleged fraud, and they are therefore entitled to at least limited discovery of Shields to support their claim.

■ Finally, Bache moves for partial summary judgment as to the claim that Shields violated a commitment to retain at least 577 shares of Proctor & Gamble stock, on the ground that Shields' records show that the Cannizzaros' account contained 602 shares of the stock at the time that the account was closed. The Cannizzaros concede that the stated amount of stock was retained by Shields but argue that Shields

is nevertheless liable for breach of the commitment since it incurred liabilities as a result of speculative trading which later necessitated the sale of the Proctor & Gamble stock *after* the Cannizzaros had switched their account to another brokerage firm. This allegation, if proven, entitles the Cannizzaros to recover from Shields for speculative trading, which is charged in the complaint, but it does not support a claim for breach of the agreement concerning the Proctor & Gamble shares, which was observed to the letter. Accordingly, the motion for partial summary judgment is granted.[1]

*The Cannizzaros' Motion*

■ The Cannizzaros' motion to dismiss William Cooper's counterclaim for defamation is denied. A counterclaim is compulsory when substantially the same evidence will be used to resolve the issues raised by the complaint and the counterclaim. *Columbia Plaza Corp. v. Security National Bank*, 173 U.S.App.D.C. 403, 408, 525 F.2d 620, 625 (1975); 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1410, at 42 (1971). Here, Cooper's counterclaim alleges that the plaintiffs defamed him by stating to third parties that he had " 'churned' and acted fraudulently with regard to plaintiffs' securities investments", the very same claims made in the complaint. Thus, the assertion of a defense of truth, a likely prospect in this situation, would require exploration of the identical factual and legal questions raised by the allegations of the complaint. Accordingly, since the counterclaim is compulsory, the motion to dismiss it is denied.

■ The Cannizzaros also move under Rule 12(e) for a more definite statement as to the details of the counterclaim. They assert that they are entitled to know what defamatory statements Cooper claims were made, to whom and when, and how Cooper was damaged as a result. We agree that, before responding to a claim which involves such highly particularized facts, the Canniz-

zaros are entitled to know what the statements were, to whom they were made as well as the general period of time during which they were made. Although this is not a traditional Rule 9(b) situation, that rule, which requires that allegations of fraud be particularized, is analogous to this case where the Cannizzaros are said to have accused Cooper of "churning" and fraudulent conduct in regard to their securities account. However, a general allegation of damage is sufficient since the slanderous statements allegedly made impugn Cooper's business qualifications and therefore fall within one of the four categories of slander *per se*. See Prosser, *The Law of Torts* § 112, 757–58 (4th ed. 1971).

Accordingly, Shields' motion to dismiss is denied; the motion for summary judgment is granted to the extent of dismissing the claimed violation of the Proctor & Gamble stock agreement and is otherwise denied. The Cannizzaros' motion to dismiss the counterclaim is denied, but they are entitled to a more specific statement of the defamation claim as specified above.

It is so ordered.

---

1. Since the Cannizzaros have stated a valid claim against Shields, Cooper's counter-claim against Shields, which is dependent on the validity of the primary claim, also survives.